IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DYLAN A. THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN REGIONAL CENTER, and DHHS,<br><br>Defendants. | **8:26CV290**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Dylan A. Thomas' Complaint filed on June 22, 2026. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff is a civilly committed detainee in the Lincoln Regional Center ("LRC"). Liberally construed, Plaintiff sues the LRC and the Nebraska Department of Health and Human Services ("NDHHS") to recover $4,500 in damages, which amount Plaintiff paid to his podcast producer for technical support services. As Plaintiff alleges,

> The Defendant(s) BLOCKED my Producer's phone number in an illegal effort to silence my critical voice of reason and dissent. The Lincoln Regional Center is attempting to SHUTDOWN my Podcasts, "Dylan Thomas Live from The Looney Bin" on Sound Cloud and "The Dylan Thomas Podcast" on YouTube. It has been about a year since these Corporate Criminals in The Medical mafia began violating my First Amendment Constitutional Rights.

Filing No. 1 at 1 (punctuation corrected).

The Court takes judicial notice that Plaintiff filed an earlier civil complaint in Case No. 8:26CV26 against the LRC and three LRC staff members comprising Plaintiff's Treatment Team in which he sought injunctive relief against the defendants requiring them to unblock his producer's telephone number and allow him "to continue operating [his] Podcasts in [his] free time over the telephone unimpeded." Filing No. 1 at 4, Case No. 8:26CV26.[1] The Court recently determined upon initial review that Plaintiff's complaint in 8:26CV26 stated plausible First Amendment claims and could proceed to service of process against the three LRC staff members in their official capacities only but that the LRC must be dismissed as a defendant. *See* Filing No. 16, Case No. 8:26CV26. The case remains pending.

**II. LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

[1] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construed, Plaintiff alleges First Amendment constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Plaintiff sues the LRC and NDHHS for alleged constitutional violations. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Sovereign immunity does not

bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages from NDHHS and the LRC. NDHHS is a state agency, and the LRC is a state instrumentality, *see Pointer v. Lincoln Reg'l Ctr.*, No. 8:08CV80, 2008 WL 2773859, at *2 (D. Neb. July 14, 2008). As there is no indication that Nebraska waived or Congress overrode immunity here, Plaintiff's claims against NDHHS and the LRC are barred by sovereign immunity. Moreover, a suit may be brought under section 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in section 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, section 1983 does not create a cause of action against NDHHS and the LRC, and Plaintiff's claims against these defendants must be dismissed.

## IV. CONCLUSION

Plaintiff's constitutional claims cannot proceed against the only named defendants, NDHHS and the LRC, under section 1983, and his complaint is, thus, subject to dismissal under 28 U.S.C. § 1915(e)(2). The Court will dismiss the Complaint without prejudice and without leave to amend as Plaintiff's Complaint is duplicative of his pending action at 8:26CV26. *See Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

IT IS THEREFORE ORDERED that:

1. This action is dismissed without prejudice.
2. The Court will enter a separate judgment.

Dated this 26th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge